## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY M. NIELSEN | CIVIL ACTION |
| Plaintiff, | NO. 25-253 |
| V. | |
| QUZHOU NAIJATE VEHICLE CO., LTD, a Chinese Corporation; TREK POWER, INC., a California Corporation; and UPBOUND GROUP, INC., f/k/a RENT-A-CENTER, INC., | |
| Defendants, | |

### ANSWER OF DEFENDANT, UPBOUND GROUP, INC., F/K/A RENT-A-CENTER, INC., WITH AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 12, Defendant, Upbound Group, Inc., f/k/a Rent-A-Center, Inc. ("Defendant"), files this Answer with Affirmative Defenses to Plaintiff, Mary M. Nielsen's Complaint, and avers as follows:

### JURISDICTION AND PARTIES

1.      Admitted in part, denied in part. It is admitted only that Mary M. Nielsen is named as Plaintiff in the underlying Complaint. As to the remaining averments, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

2.      Admitted in part, denied in part. It is admitted only that Quzhou Naijiate Vehicle Co., LTD is named as a Defendant in Plaintiff's Complaint. As to the remaining averments, after reasonable investigation, Defendant is without sufficient knowledge or

information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

3. After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

4. Admitted in part, denied in part. It is admitted only that Trek Power, Inc. is named as a Defendant in Plaintiff's Complaint. As to the remaining averments, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

5. Admitted.

6. Admitted.

7. Admitted.

8. The averments of Paragraph 8 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of Paragraph 8 are denied.

9. The averments of Paragraph 9 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of Paragraph 9 are denied.

## **FACTS**

10. After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

11.    After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

12.    After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

13.    After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

14.    After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

15.    The averments of Paragraph 15 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed necessary, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

16.    The averments of Paragraph 16 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed necessary, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

IMANAGE\266\0040\53698515.v1-10/14/25

17.     The averments of Paragraph 17 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed necessary, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

18.     The averments of Paragraph 18 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed necessary, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

19.     The averments of Paragraph 19 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed necessary, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

20.     The averments of Paragraph 20 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed necessary, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

21.     The averments of Paragraph 21 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed necessary, after reasonable investigation, Defendant is without sufficient knowledge or

information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

22.    The averments of Paragraph 22 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed necessary, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

**CLAIMS/CAUSES OF ACTION**

**COUNT I**

**Plaintiff**
**Vs.**
**All Defendants**

**<u>Strict Liability</u>**

23.    Paragraph 23 of Plaintiff's Complaint is an incorporation paragraph to which no response is required.

24.    The averments of Paragraph 24 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed necessary, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

25.    The averments of Paragraph 25 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed necessary, after reasonable investigation, Defendant is without sufficient knowledge or

information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

26. The averments of Paragraph 26 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed necessary, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

WHEREFORE, Defendant demands judgment in its favor and against all other parties, along with attorneys' fees, costs, and any such other relief this Honorable Court deems appropriate.

## COUNT II

**Plaintiff
Vs.
Defendants**

**<u>Breach of Warranty</u>**

27. Paragraph 27 of Plaintiff's Complaint is an incorporation paragraph to which no response is required.

28. The averments of Paragraph 28 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed necessary, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

29. The averments of Paragraph 29 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed

necessary, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

30.    The averments of Paragraph 30 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent that a response may be deemed necessary, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies the same and demand strict proof thereof at the time of trial.

WHEREFORE, Defendant demands judgment in its favor and against all other parties, along with attorneys' fees, costs, and any such other relief this Honorable Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

Upon information and belief, this matter is subject to an arbitration provision contained in the written agreement between the parties.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against the Defendant.

## THIRD AFFIRMATIVE DEFENSE

Defendant acted reasonably at all times and did not fail to act properly with regard to the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff suffered damages and/or losses as alleged in the Complaint, which is denied, those injuries and damages were caused in whole or in part by the acts or omissions

of parties over whose actions Defendant had no control nor right to control and for whose conduct it is not responsible.

## FIFTH AFFIRMATIVE DEFENSE

Defendant fulfilled all its duties and obligations whether arising from common law, statute, contract, tort or otherwise.

## SIXTH AFFIRMATIVE DEFENSE

Defendant breached no warranty, express or implied, owed to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

No action or omission on behalf of Defendant was the cause-in-fact of Plaintiff's injuries.

## EIGHTH AFFIRMATIVE DEFENSE

No action or omission on behalf of Defendant was the proximate cause of Plaintiff's injuries.

## NINTH AFFIRMATIVE DEFENSE

The claims against Defendant are barred or limited by the terms and conditions of any agreements or contracts between or among the parties.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of which they now complain.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant acted in good faith with all applicable rules, regulations, statutes, ordinances and standards at all times.

IMANAGE\266\0040\53698515.v1-10/14/25

### THIRTEENTH AFFIRMATIVE DEFENSE

The acts of unknown third persons were the proximate cause of Plaintiff's losses and/or damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint should be barred for failure to join indispensable parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

Damages or injuries, if any, resulted from circumstances and conditions not under the control of Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have released all claims against Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable Statute of Limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

This Court has no personal jurisdiction over Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims against Defendant are barred or, at the very least damages, if any, to which Plaintiff are entitled, are reduced by virtue of the doctrine of avoidable consequences.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims against Defendant are barred or limited by reason of waiver and/or estoppel.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant specifically denies the applicability of the doctrine of strict liability in tort as it may be deemed to apply to Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred and/or must be reduced pursuant to the Collateral Source Rule.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the applicable provisions of the Pennsylvania Fair Share Act.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to 42 Pa.C.S.A. §7102, Defendant shall only be liable for their proportionate share of Plaintiff's damages, if any.

### RESERVATION OF FURTHER DEFENSES

Defendant reserves the right to assert additional affirmative defenses as discovery proceeds and to move the Court for leave to file an Amended Answer asserting additional defenses.

### DEMAND FOR DISCOVERY

Demand is hereby made by Defendant for Plaintiff to complete compliance with Federal Rule of Civil Procedure 26 for all discovery and items or documentation served on any and all other parties to their litigation.

### JURY DEMAND

Defendants demands a trial by jury as to all claims, defenses, and triable issues.

IMANAGE\266\0040\53698515.v1-10/14/25

## CROSS CLAIMS AGAINST ALL CODEFENDANTS

1.    Defendant incorporates by reference herein all allegations set forth in preceding paragraphs as though same were fully set forth herein.

2.    If Plaintiffs are able to prove at trial the allegations set forth in their Complaint, Defendant asserts that it is entitled to recover indemnification against Co-defendants, or against any of the Co-defendants, under Pennsylvania common law indemnity principles, for any judgment or award of damages rendered in favor of Plaintiff and against Defendant in this action.

3.    Defendant avers in the alternative that if the allegations set forth in the Complaint are proven at trial, Defendant is entitled to contribution against Co-defendants, or against any of the Co-defendants, under 42 Pa.C.S.A. 8324, for any judgment or award of damages entered in favor of Plaintiffs and against Defendant in the Complaint.

WHEREFORE, Defendant asserts that it is entitled to common law indemnification or, alternatively, to contribution from Co-defendants, or any of the Co-defendants, for any judgment or award of damages entered in favor of Plaintiff and against Defendant on the causes of action asserted in the Complaint.

**GOLDBERG SEGALLA LLP**

By:  /s/*Kyle A. Peterson*
    Kyle A. Peterson, #325639
    Mailing Address:  PO Box 360, Buffalo NY 14201
    1700 Market Street, Suite 3232
    Philadelphia, PA 19103-3907
    Telephone:  267-519-6800

IMANAGE\266\0040\53698515.v1-10/14/25

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Answer was electronically filed with the Court and served upon all counsel of record via the ECF system.

Date: February 9, 2025

By:    /s/ *Kyle A. Peterson*
Kyle A. Peterson, Esquire
Attorney for Defendant,
Upbound Group, Inc., f/k/a
Rent-A-Center, Inc.

IMANAGE\266\0040\53698515.v1-10/14/25