**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARY M. NIELSEN,                                    :        Case No. 1:25-cv-00253-RAL
                                                    :
            Plaintiff,                              :        Judge Richard A. Lanzillo
                                                    :
    v.                                              :
                                                    :
QUZHOU NAIJIATE VEHICLE CO.,                        :
LTD, *et al.*,                                      :
            Defendants.                             :

**DEFENDANT QUZHOU NAIJIATE VEHICLE CO., LTD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND CROSSCLAIMS AGAINST ALL CO-DEFENDANTS**

Defendant Quzhou Naijiate Vehicle Co., LTD ("Quzhou" or "Defendant"), by and through its counsel, FBT Gibbons LLP and Wesley E. Johnson, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint along with its Crossclaims against all Co-Defendants as follows, denying each and every averment set forth therein except those expressly admitted:

**JURISDICTION AND PARTIES[1]**

1.      Admitted in part, denied in part. It is admitted that Mary M. Nielsen is the named Plaintiff. Quzhou lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 1, and therefore denies the same.

2.      Admitted.

3.      Admitted.

4.      Quzhou lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 4, and therefore denies the same.

---

[1] Quzhou's use of Plaintiff's paragraph headings is for judicial economy only and does not mean that Quzhou adopts the factual allegations set forth in any of Plaintiff's corresponding paragraphs.

5. Quzhou lacks knowledge or information sufficient to form a belief about the truth or falsity of allegations in Paragraph 5, and therefore denies the same.

6. Quzhou lacks knowledge or information sufficient to form a belief about the truth or falsity of allegations in Paragraph 6, and therefore denies the same.

7. Quzhou lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 7, and therefore denies the same.

8. Paragraph 8 is comprised of conclusions of law to which no response is required. To the extent a response is required, Paragraph 8 is admitted in part, denied in part. Quzhou admits its principal place of business is in a jurisdiction completely diverse from anyone residing in the Commonwealth of Pennsylvania. Quzhou lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 8, and therefore denies the same.

9. Paragraph 9 is comprised of conclusions of law to which no response is required. To the extent a response is required, Quzhou lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 9, and therefore denies the same.

## FACTS

10. Quzhou lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 10, and therefore denies the same.

11. Quzhou lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and therefore denies the same. By way of further response, Quzhou affirmatively states that it does not ship any of its e-bikes fully assembled.

12. Quzhou lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and therefore denies the same.

13. Quzhou lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies the same.

14. Quzhou lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and therefore denies the same.

15. Quzhou lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore denies the same. By way of further response, Quzhou affirmatively states that it does not ship any of its e-bikes fully assembled.

16. Quzhou lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies the same.

17. Quzhou denies the averments of Paragraph 17 that are directed to Quzhou. By way of further response, Quzhou lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17, and therefore denies the same.

18. Quzhou lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies the same.

19. Quzhou lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and therefore denies the same.

20. Quzhou lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore denies the same.

21. Quzhou lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and therefore denies the same.

22. Quzhou lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and therefore denies the same.

**CLAIMS/CAUSES OF ACTION**

**COUNT I – STRICT LIABILITY**
(*Plaintiff v. All Defendants*)

23.     Paragraph 23 is an incorporation paragraph to which no response is required. Quzhou hereby incorporates the preceding paragraphs of its Answer and Affirmative Defenses as if fully set forth at length herein.

24.     Paragraph 24 is comprised of conclusions of law to which no response is required. To the extent a response is required, Quzhou denies the averments of Paragraph 24 that are directed to Quzhou. By way of further response, Quzhou lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24, and therefore denies the same.

25.     Paragraph 25 is comprised of conclusions of law to which no response is required. To the extent a response is required, Quzhou denies the averments of Paragraph 25 that are directed to Quzhou. By way of further response, Quzhou lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25, and therefore denies the same.

26.     Paragraph 26 is comprised of conclusions of law to which no response is required. To the extent a response is required, Quzhou denies the averments of Paragraph 26 that are directed to Quzhou. By way of further response, Quzhou lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26, and therefore denies the same.

Wherefore, Defendant Quzhou Naijiate Vehicle Co., LTD respectfully demands judgment in its favor and against all other parties and that Plaintiff's Complaint against it be dismissed in its entirety, with prejudice.

## COUNT II – BREACH OF WARRANTY
*(Plaintiff v. All Defendants)*

27.    Paragraph 27 is an incorporation paragraph to which no response is required. Quzhou hereby incorporates the preceding paragraphs of its Answer and Affirmative Defenses as if fully set forth at length herein.

28.    Paragraph 28 is comprised of conclusions of law to which no response is required. To the extent a response is required, Quzhou denies the averments of Paragraph 28 that are directed to Quzhou. By way of further response, Quzhou lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28, and therefore denies the same.

29.    Paragraph 29 is comprised of conclusions of law to which no response is required. To the extent a response is required, Quzhou denies the averments of Paragraph 29 that are directed to Quzhou. By way of further response, Quzhou lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29, and therefore denies the same.

30.    Paragraph 30 is comprised of conclusions of law to which no response is required. To the extent a response is required, Quzhou denies the averments of Paragraph 30 that are directed to Quzhou. By way of further response, Quzhou lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30, and therefore denies the same.

Wherefore, Defendant Quzhou Naijiate Vehicle Co., LTD respectfully demands judgment in its favor and against all other parties and that Plaintiff's Complaint against it be dismissed in its entirety, with prejudice.

### **AFFIRMATIVE DEFENSES**

By alleging the affirmative defenses set forth below, Defendant Quzhou Naijiate Vehicle Co., LTD ("Quzhou") does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues, or that the facts alleged in Plaintiff's Complaint are true. Quzhou

reserves the right to assert any and all applicable defenses to Plaintiff's claims. Quzhou reserves the right to amend or otherwise supplement its pleading on the basis of facts learned during discovery.

### First Affirmative Defense

The Court lacks personal jurisdiction over Quzhou because Quzhou lacks sufficient minimum contacts with Pennsylvania and/or the United States to satisfy due process.

### Second Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against Quzhou.

### Third Affirmative Defense

Quzhou denies that it designed, manufactured, assembled, distributed, or sold the specific product in the condition alleged, and denies responsibility for the condition of the product at the time of the incident.

### Fourth Affirmative Defense

The product was not defective, unreasonably dangerous, or misaligned at the time it left Quzhou's possession and control, and/or at the time it was introduced into the stream of commerce.

### Fifth Affirmative Defense

Any alleged defect, misalignment, or chain/axle condition resulted from alteration, improper assembly, adjustment, maintenance, repair, or handling after the product left Quzhou's control, including acts or omissions of others in the distribution chain.

### Sixth Affirmative Defense

Plaintiff's claims are barred or reduced to the extent the incident and/or damages were caused by misuse, abnormal use, or use in a manner not reasonably foreseeable by Quzhou.

### Seventh Affirmative Defense

Plaintiff's claims are barred or reduced to the extent Plaintiff knowingly and voluntarily assumed the risk associated with the condition complained of and/or continued to use the product despite knowledge of the risk.

### Eighth Affirmative Defense

Plaintiff's claims are barred to the extent Plaintiff's conduct was highly reckless and constituted the sole proximate cause or a superseding cause of the incident.

### Ninth Affirmative Defense

Plaintiff's alleged injuries and damages were caused, in whole or in part, by intervening and superseding acts or omissions of third parties, including but not limited to improper assembly, setup, inspection, maintenance, repair, or failure to warn/notify by others, which were not attributable to Quzhou.

### Tenth Affirmative Defense

Any act or omission by Quzhou was not a factual cause or substantial factor in bringing about Plaintiff's alleged injuries and damages.

### Eleventh Affirmative Defense

Plaintiff failed to mitigate damages, and any recovery must be reduced accordingly.

### Twelfth Affirmative Defense

Some or all of Plaintiff's alleged injuries, conditions, and damages were preexisting, degenerative, or unrelated to the incident and are not recoverable from Quzhou.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### Fourteenth Affirmative Defense

Plaintiff's warranty claim is barred, in whole or in part, by the applicable statute(s) of limitations governing warranty/contract claims, including accrual rules applicable to such claims.

### Fifteenth Affirmative Defense

Quzhou did not sell the product directly to Plaintiff and did not enter any contract with Plaintiff; to the extent privity or other prerequisites apply to the asserted warranty theory, such prerequisites are not met.

### Sixteenth Affirmative Defense

Quzhou did not make any express warranties to Plaintiff; Plaintiff cannot establish the existence, terms, reliance, or breach of any express warranty by Quzhou.

### Seventeenth Affirmative Defense

The warranty claim is barred to the extent Plaintiff failed to provide timely and reasonable notice of breach as required by applicable Uniform Commercial Code provisions. Pursuant to 13 Pa. C.S.A. § 2607(c), Plaintiff failed to notify Quzhou of any breach of warranty within a reasonable time after the breach was discovered. Quzhou was not aware of any breach of warranty claim prior to receipt of Plaintiff's Complaint.

### Eighteenth Affirmative Defense

To the extent any warranty claim is governed by written terms applicable to the transaction or distribution chain, any implied warranties were disclaimed and/or remedies and damages were limited, and Plaintiff's recovery is barred or restricted accordingly.

### Nineteenth Affirmative Defense

Any liability is several only and must be allocated consistent with Pennsylvania's Fair Share Act, 42 Pa.C.S.A. § 7102, including allocation and apportionment among all responsible

persons and entities, and joint-and-several liability is inapplicable except as specifically permitted by statute.

### Twentieth Affirmative Defense

Quzhou is entitled to a reduction, set-off, or credit for any settlements, releases, or payments by any other person or entity responsible for the occurrence and/or Plaintiff's alleged damages.

### Twenty-first Affirmative Defense

Quzhou reserves the right to assert additional defenses and/or amend these defenses as discovery proceeds and as permitted by the Federal Rules of Civil Procedure.

## CROSSCLAIMS AGAINST ALL CO-DEFENDANTS

Quzhou Naijiate Vehicle Co., LTD ("Quzhou") files this Crossclaim against co-defendants, Trek Power, Inc. ("Trek") and Upbound Group, Inc., f/k/a Rent-A-Center, Inc. ("Upbound", and collectively with Trek, the "Co-Defendants"), and in support thereof, avers as follows:

1.     Quzhou incorporates by reference herein all allegations set forth in its Answer and Affirmative Defenses as though the same were fully set forth herein.

2.     If Plaintiff is able to prove at trial the allegations set forth in her Complaint, Quzhou asserts that it is entitled to recover indemnification against Co-Defendants, or against any of the Co-Defendants, under Pennsylvania common law indemnity principles, for any judgment or award of damages rendered in favor of Plaintiff and against Defendant in this action.

3.     Quzhou avers in the alternative that if the allegations set forth in the Complaint are proven at trial, Quzhou is entitled to contribution against Co-Defendants, or against any of the Co-Defendants, under 42 Pa.C.S.A. 8324, for any judgment or award of damages entered in favor of Plaintiff and against Quzhou in the Complaint.

4.     Any defect in the e-bike which resulted in injury to Plaintiff is the result of improper assembly or maintenance by Co-Defendants.

WHEREFORE, Quzhou Naijiate Vehicle Co., LTD asserts that it is entitled to common law indemnification, or alternatively, to contribution from Co-Defendants, or any of the Co-Defendants, for any judgment or award of damages entered in favor of Plaintiff and against Quzhou Naijiate Vehicle Co., LTD on the causes of action asserted in the Complaint, and respectfully demands judgment in its favor and against Plaintiff and Co-Defendants, with costs and prejudice imposed.

Respectfully Submitted,

BY:     */s/ Yuanyou Yang*

Yuanyou Sunny Yang (PA# 314822)
Zachary B. McConnell (PA# 323008)
FBT GIBBONS LLP
Union Trust Building
501 Grant Street, Suite 800
Pittsburgh, PA 15219
412-513-4327 Telephone
412-513-4299 Facsimile
syang@fbtgibbons.com
zmcconnell@fbtgibbons.com

Wesley E Johnson (*Pro Hac Vice*)
Cross-Border Counselor LLP
105 W Madison, Ste 2300
Chicago IL 60602
(312)752-4828 Telephone
wjohnson@cbcounselor.com

*Attorneys for Defendant,*
*Quzhou Naijiate Vehicle Co., LTD*

11

## <u>JURY DEMAND</u>

Defendant Quzhou Naijiate Vehicle Co., LTD demands a trial by jury on all issues so triable.

*/s/ Zachary B. McConnell*
Zachary B. McConnell (PA# 323008)